**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

JUDITH A. MEEKS, )
 )
      Plaintiff, )
 )
v. ) Case No. CIV-18-675-BMJ
 )
NANCY A. BERRYHILL, Acting )
Commissioner of Social Security )
Administration, )
 )
      Defendant. )

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Judith A. Meeks, seeks judicial review of the Social Security Administration's (SSA) denial of her application for disability insurance benefits (DIB). The parties have consented to the exercise of jurisdiction over this matter by a United States Magistrate Judge. *See* 28 U.S.C. § 636(c). The Commissioner has filed the Administrative Record (AR), [Doc. No. 10], and both parties have briefed their positions.[1] For the reasons set forth below, the Court affirms the Commissioner's decision.

**I.    Procedural Background**

On March 23, 2015, an Administrative Law Judge (ALJ) issued an unfavorable decision finding Plaintiff is not disabled and, therefore, not entitled to DIB. AR 73-88. The Appeals Council granted Plaintiff's request for review and remanded the case back to the same ALJ to correct various errors. *Id.* at 95-97. The ALJ held a supplemental hearing, and on March 23, 2018, issued a second unfavorable decision. *Id.* at 11-19. The Appeals Counsel denied Plaintiff's request for review of the second decision. *Id.* at 1-5. Accordingly, the ALJ's second decision constitutes

---

[1] Citations to the parties' briefs reference the Court's CM/ECF pagination.

the Commissioner's final decision. *See Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011). Plaintiff timely commenced this action for judicial review.

**II.     The ALJ's Second Decision**

The ALJ followed the multi-step sequential evaluation process required by agency regulations. *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009) (explaining process); *see also* 20 C.F.R. § 404.1520. The ALJ first determined that Plaintiff met the insured status requirement through December 31, 2018 and has not engaged in substantial gainful activity since August 5, 2013, her alleged onset date. AR 13.

At step two, the ALJ determined Plaintiff suffers from severe spine disorders, diabetes mellitus, hypertension, and obesity. *Id.* Plaintiff's residual shingles, gastritis, left maxillary sinus disease, history of colon cancer, and depression were deemed non-severe. *Id.* at 14. Then, at step three, the ALJ found Plaintiff's serve impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1. *Id.* at 15.

The ALJ next determined Plaintiff's residual functional capacity (RFC), concluding that she:

> [can] perform medium work as defined in 20 CFR 404.1567(c) except she [can] lift no more than 50 pounds. She [can] sit, stand, and walk not to exceed 6 hours in a work day. She [can] occasionally crouch.

*Id.*

Finally, at step four, the ALJ determined Plaintiff can perform her past relevant work as a licensed practical nurse "as generally performed," and is therefore not disabled for purposes of the Social Security Act. *Id*. at 18.

**III.  Claims Presented for Judicial Review**

Plaintiff's overarching allegation is that "the ALJ erred in . . . determining [Plaintiff's] RFC."  Pl.'s Br. at 15.  More specifically, Plaintiff alleges that the ALJ:  (1) failed to follow the Appeals Council's remand order to conduct a "function-by-function" RFC assessment; (2) failed to properly consider and/or explain the effects of Plaintiff's "obesity-related limitations;" (3) did not consider Plaintiff's non-severe impairments in assessing her RFC; and, (4) did not clarify the RFC regarding Plaintiff's ability to sit, stand, and walk.  *Id.* at 13-20.

**IV.  Standard of Review**

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied.  *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009).  While the Court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, it does not reweigh the evidence or substitute its own judgment for that of the Commissioner.  *See Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

**V.  Analysis**

**A.  The ALJ's Alleged Failure to Follow the Appeals Council's Remand Order to Conduct a Function-by-Function RFC Assessment**

In the ALJ's first opinion, he found Plaintiff had the RFC "to perform 'light work' as defined in 20 CFR 404.1567(b) except sit for a total of 6 hours in an 8-hour workday; stand and/or walk for 6 hours in an 8-hour workday; and occasional crouching."  AR 82 (footnote omitted).  In relevant part, the Appeals Council remanded that opinion because:

> [Plaintiff] was found to have the [RFC] to perform "light" work as defined in 20 CFR 404.1567(b), except sit for a total of 6 hours in an 8-hour workday; stand and/or walk for 6 hours in an 8-hour workday; and occasional crouching.  However,

> this finding does not constitute a function-by-function assessment of [Plaintiff's] remaining ability to perform work-related physical activities. Pursuant to Social Security Ruling 96-8p, the [RFC] assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545. Only after that may [the RFC] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy. Clarity on this point is necessary, particularly in this case for the purposes of the finding at step 4[.]

*Id.* at 95 (citation omitted). In his second decision, the ALJ found Plaintiff can perform "medium work as defined in 20 CFR 404.1567(c) except she [can] lift no more than 50 pounds. She [can] sit, stand, and walk not to exceed 6 hours in a work day. She [can] occasionally crouch." *Id.* at 15. Pointing to the similarities in the two RFC assessments, Plaintiff alleges the ALJ failed to follow the Appeals Council's remand order to first identify Plaintiff's functional limitations before expressing exertional levels of work. *See* Pl.'s Br. at 14, 16.

To the extent Plaintiff seeks reversal based on the ALJ's failure to comply with the Appeal Council's order, her argument fails. This Court is to "examine the Commissioner's final decision under our usual standards, rather than focusing on conformance with the particular terms of the remand order." *Miller v. Barnhart*, 175 F. App'x 952, 956 (10th Cir. 2006); *see also Cummings v. Colvin*, No. CIV-14-539-L, 2015 WL 3960899, at *2, n.3 (W.D. Okla. June 29, 2015) (unpublished district court order) (adopting the magistrate judge's finding that "[t]o the extent that the court could read Plaintiff's statements as a distinct argument for remand [based on the ALJ's failure to "precisely follow the SSA Appeals Council's remand order"], it would fail").

The Court also finds no grounds for reversal in an independent examination of the ALJ's function-by-function RFC assessment. That is, the ALJ thoroughly discussed the medical evidence regarding Plaintiff's alleged physical impairments, AR 16-18, and concluded that Plaintiff can perform "medium work" "as defined in 20 CFR 404.1567(c)," except she can lift no

more than 50 pounds, can "sit, stand, and walk not to exceed 6 hours in a work day," and can "occasionally crouch." *Id.* at 15. The regulatory definition of medium work details the amount of sitting, standing, walking, lifting, carrying, pushing, and pulling required for that work. *See* 20 C.F.R. § 404.1567(c). The ALJ's finding specifically referenced the sitting, standing, walking and lifting requirements, and Plaintiff does not allege, or point to substantial evidence to prove, she has limitations related to carrying, pushing, or pulling that would prohibit medium work. *See* Pl.'s Br., *passim*. So, the Court finds no reversible error in the ALJ's function-by-function assessment. *See Hendron v. Colvin*, 767 F.3d 951, 956-57 (10th Cir. 2014) (finding plaintiff had "not demonstrated [reversible] error" in the ALJ's failure to explicitly discuss each of the seven strength demands for light work in the RFC assessment, particularly where plaintiff did not establish limitations in any area not discussed); *Jennings v. Berryhill*, No. CIV-17-1013-SLP, 2018 WL 2376566, at *7 (W.D. Okla. May 8, 2018) (unpublished report and recommendation) (finding the ALJ properly conducted a function-by-function RFC assessment (concluding plaintiff could perform "'light work as defined in 20 CFR 416.967(b) except occasional stooping, crouching, and kneeling'") because the ALJ thoroughly discussed the medical evidence, included a citation to the regulatory definition of "light" work, and plaintiff did not "argue that he is incapable of performing any of the individual strength demands" which were not specifically discussed (citation omitted)), *adopted*, 2018 WL 2375699 (W.D. Okla. May 24, 2018) (unpublished district court opinion). Accordingly, the Court affirms on this issue.

B.  The ALJ's Alleged Failure to Properly Consider the Effects of Plaintiff's Severe Obesity

Plaintiff next acknowledges that the ALJ said he was considering "the effects of [Plaintiff's] [severe] obesity when making his findings." Pl.'s Br. at 17. However, she complains that while the ALJ "explained placing a limitation on crouching," he "failed to discuss the effect [Plaintiff's] obesity would have on her ability to kneel and stoop when considered in combination with her back and knee problems." *Id.* at 17-18. Plaintiff relatedly alleges that the ALJ was required to "provide a narrative discussion explaining how the evidence supports each conclusion about [Plaintiff's] limitations" and this required a detailed discussion about Plaintiff's stooping and kneeling abilities. *Id.* at 18. The Court disagrees.

First, the ALJ clearly considered Plaintiff's obesity, stating:

> The undersigned considered medical evidence of spine disorders and obesity. The record showed that [Plaintiff's] weight repeatedly exceeded a body mass index (BMI) of 30, the limit between being merely overweight and obese. The undersigned considered the effect of the claimant's obesity on her other body systems and on her capacity to perform work.
>
> In sum, the undersigned limited [Plaintiff] to medium work with postural limitations after considering her obesity, spine disorders, hypertension, and diabetes mellitus.

AR 16, 18 (citation omitted). The Court takes the ALJ at his word that he in fact considered Plaintiff's obesity "on her other body systems" and her capacity "to perform work." *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Second, Plaintiff does not cite to any medical evidence establishing her obesity impacted her ability to stoop or kneel. *See* Pl.'s Br., *passim*;[2] *see also Howard v. Barnhart*, 379 F.3d 945, 948 (10th Cir. 2004) (finding no grounds for reversal

---

[2] The ALJ acknowledged that Plaintiff testified to difficulties with "lifting, squatting, bending, standing, reaching, sitting, kneeling, stair climbing, seeing, and using hands." AR 16. However, the ALJ found Plaintiff's subjective complains to be "not entirely consistent with the medical evidence," *id.*, and Plaintiff does not challenge that finding.

6

where the ALJ discussed the plaintiff's obesity and plaintiff did not "cite to medical evidence about other areas which were impacted by her obesity"). So, the Court finds that while "[t]he ALJ could have provided a more particularized discussion of the effects of [Plaintiff's] obesity," on her ability to stoop and kneel, the "decision provides an adequate discussion of the effect of obesity." *Arles v. Astrue*, 438 F. App'x 735, 740 (10th Cir. 2011) (taking the ALJ at his word that he considered the plaintiff's obesity on the ability to perform work, particularly where the plaintiff failed to cite any specific evidence showing his obesity limited his functional limitations). Thus, the Court finds no grounds for reversal.

      **C.**      **The ALJ's Alleged Failure to Consider Plaintiff's Non-Severe Impairments in Assessing Her RFC**

According to Plaintiff, the ALJ also failed to consider her non-severe impairments when assessing her RFC limitations. *See* Pl.'s Br. at 19. For this one-paragraph argument, Plaintiff relies exclusively on the ALJ's statement that "the undersigned limited [Plaintiff] to medium work with postural limitations after considering her [severe] obesity, spine disorders, hypertension, and diabetes mellitus." *Id.* (*citing* AR 18). Notably, however, Plaintiff fails to articulate what functional limitations she experiences from her non-severe residual shingles, gastritis, left maxillary sinus disease, or history of colon cancer, and fails to identify any medical evidence that would support a functional limitation from any of these conditions. *See id.* This omission is fatal to Plaintiff's claim, and the Court affirms on this issue. *See McAnally v. Astrue*, 241 F. App'x 515, 518 (10th Cir. 2007) ("[W]e agree with the magistrate judge that, with regard to her hypertension, loss of vision or skin problems, the claimant has shown no error by the ALJ because she does not identify any functional limitations that should have been included in the RFC assessment or discuss any evidence that would support the inclusion of any limitations." (citation, quotation marks, and brackets omitted)); *Morgan v. Berryhill*, No. CIV-17-413-BMJ, 2018 WL

652335, at *6 (W.D. Okla. Jan. 31, 2018) (unpublished memorandum op. and order) (affirming the Commissioner's decision where plaintiff failed to identify "any additional functional limitations that the ALJ should have included" in the RFC).

> **D. The ALJ's Alleged Failure to Clarify the RFC Regarding Plaintiff's Ability to Sit, Stand, and Walk**

Finally, Plaintiff alleges that because the ALJ found she "could sit, stand, and walk not to exceed 6 hours in a work day," the RFC "finds [Plaintiff] incapable of performing these exertional demands for a full eight-hour workday." Pl.'s Br. at 19. In other words, Plaintiff interprets the ALJ's RFC as saying she could, in combination, only sit, stand, and walk for six hours a day – thus being unable to complete an eight-hour work schedule. The Court rejects this interpretation. It is incumbent upon courts to "'exercise common sense' in reviewing an ALJ's decision and . . . not 'insist on technical perfection.'" *Jones v. Colvin*, 514 F. App'x 813, 823 (10th Cir. 2013) (*quoting Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012)). Reading the ALJ's RFC assessment in context, it is abundantly clear that he believed Plaintiff to be capable of working a full eight-hour workday and his hypothetical question to the vocational expert reflects that belief. *See* AR 31-32. The Court finds no reversible error in what can, at best, be described as inarticulate wording in the RFC.

## VI. Conclusion

The Court finds no reversible error in the ALJ's RFC assessment. Accordingly, the decision of the Commissioner is AFFIRMED.

ENTERED this 8th day of April, 2019.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE